# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERGUSON ENTERPRISES, LLC,<br><br>    Plaintiff,<br><br>    -v.-<br><br>MARX SHEET METAL & MECHANICAL INC.,<br><br>    Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff, Ferguson Enterprises, LLC ("Ferguson" or "Plaintiff"), by and through its undersigned counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, brings this action against defendant, Marx Sheet Metal & Mechanical Inc. ("Marx Sheet Metal" or "Defendant"), and states as follows:

## PARTIES

1. Ferguson is a limited liability company organized under the laws of the State of Virginia. Plaintiff has a business address of 12500 Jefferson Avenue, Newport News, Virginia 23602 and is authorized to transact business in the Commonwealth of Pennsylvania.

2. Marx Sheet Metal is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 373 High Street, Wilkes-Barre, Pennsylvania 18702.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to Bre in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391 in that the Defendant resides in this District.

## FACTS COMMON TO ALL COUNTS

5.  Plaintiff is a distributor of commercial and industrial insulation and air handling products, plumbing supplies, PVF, waterworks, and fire and fabrication products.

6.  Upon information and belief, Marx Sheet Metal is a mechanical HVAC, plumbing, and service company.

7.  On or about June 18, 2018, Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to provide Defendant with various materials and supplies ordered on account in exchange for payment in full by Defendant ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

8.  Pursuant to the Agreement, Marx Sheet Metal agreed to pay for the goods in full and in a timely manner.

9.  The Agreement further provides that upon default, Marx Sheet Metal's entire outstanding balance with Ferguson becomes immediately due and payable.

10. From April 1, 2022 to September 22, 2022, Marx Sheet Metal purchased goods on account totaling $220,095.12. A true and correct summary of the unpaid invoices is attached as Exhibit B.

11. Plaintiff performed in good faith all of its obligations under its Agreement with Defendant including, but not limited to, delivering to Defendant all of the supplies ordered under the Agreement.

12. Defendant defaulted on its obligations under the Agreement by failing and/or refusing to make full payment to Plaintiff of the agreed-upon compensation.

13. To date, there remains due and owing from Defendant to Plaintiff the principal sum of $202,058.59 plus attorney's fees, interest and costs. As a direct and proximate result of Defendant's failure to remit the required payment under the Agreement, Plaintiff has incurred attorney fees that continue to accrue.

14. Defendant received the goods and was afforded a reasonable opportunity for their inspection.

15. The goods were accepted and at no time did anyone object to their condition, suitability or otherwise.

## FIRST COUNT
### (Breach of Contract)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 as if set forth at length herein.

17. The parties entered into the Agreement whereby Plaintiff agreed to provide goods and supplies in exchange for payment of full compensation.

18. Plaintiff performed all of its obligations under the Agreement including, but not limited to, delivering all of the goods and supplies ordered on account.

19. As a result of Defendant's breach of contract, there is currently due and owing to Plaintiff the principal balance of $202,058.59, plus attorney's fees, interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    A. For compensatory, consequential and incidental damages;

    B. For attorneys' fees, pre- and post-Judgment interest, and costs of suit; and

    C. For such further relief as the Court may deem just and equitable.

## SECOND COUNT
**(Unjust Enrichment)**

20.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if set forth at length herein.

21.   By failing and refusing to pay the monies due and owing to Plaintiff, retaining the goods and supplies and receiving payment from customers for their utilization and installation on various projects, Defendant has been unjustly enriched in the amount of at least $202,058.59.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   A.   For compensatory, consequential and incidental damages;

   B.   For attorneys' fees, pre- and post-Judgment interest, and costs of suit; and

   C.   For such further relief as the Court may deem just and equitable.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Dated: April 6, 2023      By:   */s/ Matthew A. Lipman*
Matthew A. Lipman (PA Bar I.D. 86892)
One Penn Center – Suburban Station
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19103
Telephone: (215) 557-2900
Facsimile: (215) 557-2990
E-mail: mlipman@mdmc-law.com

*Attorneys for Plaintiff Ferguson Enterprises, LLC*

4